```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

KAMAL K. PATEL,                    )
                                   )
                    Plaintiff,     )    **CIVIL ACTION**
                                   )
v.                                 )    No. 13-1444-MLB
                                   )
WILSON PARMAR, et al.,             )
                                   )
                    Defendants.    )
_____)

## MEMORANDUM AND ORDER

This case comes before the court on defendants' amended motion to dismiss. (Doc. 24). The motion has been fully briefed and is ripe for decision. (Docs. 25, 37, 39).

## I. Facts[1]

Plaintiff Kamal Patel brings this action against defendants Grace and Wilson Parmar alleging breach of contract and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961. In 2008, defendants were given a power of attorney from K.L. Patel, president of K & A Motel, Inc., to make decisions regarding the purchase of Hampton Inn & Suites in Dodge City, Kansas. A purchase contract for the hotel was executed by K & A Motel and Shiva Hotels on July 18, 2008. The contract was allegedly breached by Shiva shortly thereafter. K & A Motel filed suit in Finney County seeking specific performance. The parties entered into a settlement agreement in which Shiva agreed to construct a hotel in Dodge City for K & A Motel. On June 2, 2010, Atul Patel assigned all claims arising out of the Hampton Inn contract to plaintiff.

---

[1] There is extensive litigation history involving the parties and the subject matter of this case. The facts set forth in this order are limited to those which are necessary for the court's ruling.

Proceeding pro se, plaintiff filed this action against defendants on November 26, 2013. On February 13, 2014, plaintiff filed a First Amended Complaint (Doc. 12) in which he changed his status to "An Assignee of K & A Motel, Inc. and Dodge City Hospitality, Inc." Plaintiff alleges that defendants breached their fiduciary duty to K & A Motel and Dodge City Hospitality, Inc. by entering into a side agreement with Shiva which authorized a referral fee of $300,000 to defendants upon completion of the hotel. Plaintiff further alleges that defendants violated RICO by engaging in wire and bank fraud in their scheme to self deal. Plaintiff currently is in a federal prison.

Defendants now move for dismissal.

## II. Analysis

Initially, defendants contend that this action should be dismissed because plaintiff is not represented by counsel. The Tenth Circuit has repeatedly held that "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." See, e.g., Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001); Tal v. Hogan, 453 F.3d 1244, 1254-55 (10th Cir. 2006). In this case, the corporations have allegedly assigned their claims to plaintiff for the sum of one dollar.[2] Therefore, plaintiff argues that he can proceed without counsel.

The Tenth Circuit has yet to address whether an assignee of an artificial entity may proceed pro se. However, courts faced with this

---

[2] The validity of the assignment has not been raised.

-2-

question routinely hold that an individual who has been assigned claims from a corporation cannot proceed pro se. See Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983); Bell v. South Bay European Corp., 486 F. Supp.2d 257, 258-59 (S.D.N.Y. 2007); Wolfe v. Rodriquez, 2013 WL 6885176, *3 (S.D. Fla. Dec. 31, 2013). In this case, the corporations' alleged damages are 5 million dollars in lost profits and 2 million dollars in appreciation of hotel property. In addition, plaintiff seeks damages for the RICO violations committed against the corporations. The claims set forth in the amended complaint are those of the corporations and plaintiff has not incurred any individual damages. Therefore, the entire focus of this case would revolve around the corporations and the failed business transaction. If the corporations had brought these claims, they would be required to retain counsel.

The court sees "no reason to permit any evasion of the general rule by the simple expedient of the assignment of corporate claims to the pro se plaintiff." Palazzo, 764 F.2d at 1386. In his response, plaintiff makes no argument as to why the court should not follow the reasoning of the Second and Eleventh Circuits. Therefore, the court finds that in order to proceed plaintiff must be represented by counsel.

Plaintiff has forty-five days to retain counsel. If counsel has not entered in this case after forty-five days, the court will enter an order granting the motion to dismiss, without prejudice.

IT IS SO ORDERED.

Dated this   4th   day of August 2014, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE